Treat, Justice, delivered the opinion of the Court.: (1) This was an action of debt, instituted before a justice of the peace of Marshall county, in the name of ii the people, on the complaint of Abraham S. Fishbourne,” to recover the penalty of fifty dollars, given by the second section of the “ act regulating the mode of granting license to clock peddlers,” in force January 31st, 1835. Acts of 1835, 68. The cause was taken by appeal to the circuit court, where the defendant moved the court to dismiss the suit, which the court refused. The cause was then heard by the court, and judgment rendered against the defendant for fifty dollars, one half thereof to the use of the inhabitants of Marshall county,the'other half to the use of Fishbourne, as the informer. From this decision Higby prosecutes an appeal. His second error assigned, which questions the propriety of the decision of the court in refusing to dismiss the suit, will only be considered. The second section of the act under which this proceeding was instituted provides, that any person who shall attempt to sell, hire, lease, traffic, or vend any clock, without first obtaining a license, as authorized by the first section, and without first exhibiting the license to the person to whom he attempts to sell, etc., shall forfeit and pay for each offence, the'sum of fifty dollars, one half for the use of the informer, and the other half for the use of the county, to be recovered before a justice of’the peace. This is a qui tarn action, the penalty going to the informer and the county. The state has no interest in the recovery. The defendant has forfeited nothing to the people. The statute not authorizing the suit to be instituted in the name of the people, it was improperly brought, and the court erred in not dismissing it. The action should have been brought in the name of the informer, or in that of the county ; most properly in the name of the informer, for the use of himself and the county. 1 Chit. Plead. 404; 1 Bac. Abr. 62; 2 Hawk. P. C. 370, § 20. The judgment of the circuit court is reversed. Judgment reversed. The judgment in this cause was rendered at the December term, 1841, but the opinion of the Court was not delivered till the present time.